**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 24-6159**

───────────

JEFFREY CORPORAL,

         Plaintiff - Appellant,

     v.

OFFICER DONALDSON,

         Defendant - Appellee.

───────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Deborah K. Chasanow, Senior District Judge. (1:20-cv-03357-DKC)

───────────

Submitted: July 30, 2024                        Decided: August 2, 2024

───────────

Before NIEMEYER, AGEE, and HEYTENS, Circuit Judges.

───────────

Remanded by unpublished per curiam opinion.

───────────

Jeffrey Corporal, Appellant Pro Se.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Corporal seeks to appeal the district court's order granting summary judgment in favor of Defendant in Corporal's civil rights action. Corporal noted his appeal on February 15, 2024,[*] after the 30-day appeal period expired. However, Corporal's letter, which the district court construed as a notice of appeal, stated he was inquiring about the status of a notice of appeal that he had mailed on January 24, 2024. On February 27, 2024, Corporal filed a "declaration to support his motion to reopen," stating under penalty of perjury that he had deposited his notice of appeal in the prison mail system on January 24 for mailing to this Court.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal. Fed. R. App. P. 4(a)(1)(A). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). However, the district court may extend the time to file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by . . . Rule 4(a) expires," and the party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A).

The district court's order was entered on January 12, 2024. Corporal therefore had until Monday, February 12, 2024, to timely file his notice of appeal. Fed. R. App. P. 4(a)(1)(A); Fed. R. Civ. P. 6(a)(1)(C). The 30-day excusable neglect period ended on March 13, 2024. *See* Fed. R. App. P. 4(a)(5)(A). Corporal's notice of appeal and

---

[*] For the purpose of this appeal, we assume that the date appearing on the letter is the earliest date Corporal could have delivered it to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

subsequent "declaration to support his motion to reopen" were filed within the 30-day excusable neglect period and, liberally construed, offered a reason for the late appeal and requested an extension of the appeal period.

Accordingly, we remand this case to the district court for the limited purpose of allowing the court to determine whether an extension is warranted under Rule 4(a)(5). The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*